SMITH, Justice:
Appellant, G. Richard Isett, brought suit against S. Lawrence Farrington, Mary V. Farrington, Emmett A. Vaughey, Robert L. Hunsaker, Jerry Pullen Hunsaker and Marketing Consultants, Inc., a Mississippi corporation, in the Circuit Court of the First Judicial District of Hinds County. The declaration, purporting to charge the defendants with conspiracy, consists of 20-odd paragraphs and has attached a copy of a “pre-incorporation” agreement executed by plaintiff and one of the defendants.
General demurrers were interposed by each of the defendants. The demurrers of the individual defendants were sustained upon the ground that the declaration sought to combine an action for breach of contract with an action in tort. Demurrers of all of the defendants were sustained upon the ground that the attempt to charge conspiracy failed to state facts sufficient to support the charge or to show any general culmination of alleged conspiratorially tortious acts.
Following the court’s action in sustaining the demurrers, Isett declined or failed to amend and the case was dismissed.
Isett’s appeal is from the action of the court with respect to the individual defendants. There seems to have been no appeal as to the corporate defendant.
The only questions before us at this time are: (1) Does the declaration contain sufficient factual allegations as to the individual defendants to withstand a general demurrer and (2) Does it impermissibly seek to combine an action ex contractu with an action in tort.
After pondering the very lengthy declaration, which is of the “shotgun” variety, (designated to strike each defendant with some of the shot), we are constrained to agree with appellant that the suit is not founded upon the contract, and neither alleges a breach nor seeks to recover because of a breach of that document. The contract is, we think, attached to the declaration merely by way of inducement, that is to say, as an explanatory event leading up to the acts alleged to constitute the tort for which damages are demanded.
As to the allegations of fact with respect to the tort, all of which are admitted by the demurrers, as distinguished from the pleader’s conclusions, we have decided, (if somewhat dubitante), that from the decla *650 ration’s superabundance of words a sufficiency of facts may be gleaned to charge the individual defendants with an actionable wrong. This is not to say or even to intimate that we consider that the cause of action is stated in “plain and concise language.” Manifestly the declaration is not without its defects. We merely hold now that its factual allegations are, and barely are, sufficient to withstand demurrer. Nor are we to be understood as in anywise indicating that appellees may not pursue the remedies provided by Mississippi Code 1942 Annotated sections 1498 and 1499 (1956) if they should care to do so after remand. The case is reversed and remanded.
Reversed and remanded.
ETHRIDGE, C. J., and RODGERS, BRADY and PATTERSON, JJ., concur.